## KURZ v. FISH et al.

(Supreme Court. General Term, Fifth Department. January 18, 1893.)

NOTE—TRANSFER TO BONA FIDE PURCHASER.

On an issue as to the bona fides of plaintiff in the purchase of a note, there was evidence that the payee of the note came into plaintiff's shop, and offered her husband the note in exchange for a suit of clothes, stating that the note was perfectly good, and made by responsible people; and that the husband said he would have to consult plaintiff, having done which, he agreed to take the note. This testimony was undisputed, and was given by a disinterested person, whose credibility was not impeached. *Held,* that a direction of a verdict in favor of plaintiff was justified.

Appeal from circuit court, Monroe county.

Action by Ida C. Kurz against Henry Fish and another. From a judgment on a verdict for plaintiff, defendant Fish appeals. Affirmed.

For former report, see 11 N. Y. Supp. 209.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

A. Rice, for appellant.

George D. Reed, for respondent.

MACOMBER, J. This action was brought upon a promissory note in the sum of $50, dated September 6, 1888, made by the defendant Henry Fish, payable to one William J. Curtis (also named as a defendant) or bearer, on the 1st day of December, 1889. The note was indorsed and transferred by the payee to the plaintiff before maturity. The defense is want of consideration; that the note was procured from the defendant Fish by the fraud of Curtis and others, and that it grew

out of the usual Bohemian oats swindling transactions; and that the plaintiff was not a purchaser in good faith of the note for value before maturity. Upon the trial the customary evidence relating to Bohemian grain transactions was given, from which the jury would undoubtedly have adduced the conclusion, if permitted to do so, that the note obtained inception by fraud, and, as between the parties thereto, could not be enforced. The sole question worthy of consideration at the circuit was whether there was any evidence, or any deduction to be made from the evidence, which it was incumbent upon the court to submit to the jury, touching the bona fides of the plaintiff in the purchase of the note from Curtis. The testimony of Mr. Kurz, the husband of the plaintiff, who acted in behalf of his wife, together with that of the plaintiff herself, was probably, under the decisions in the cases of Vosburgh v. Diefendorf, 119 N. Y. 357, 23 N. E. Rep. 801, and Bank v. Diefendorf, 123 N. Y. 191, 25 N. E. Rep. 402, such as to require the case, if the plaintiff's right to recover had rested wholly upon this evidence, to be submitted to the jury, on the ground that the bona fides of the plaintiff and the credibility of herself and her husband were questions for the jury; but this was by no means the only testimony in the case. A witness (John Pote) was called, and testified that he was present at the time of the purchase by the plaintiff's husband of the note in question; the witness being a cutter in the plaintiff's shop in Rochester. This conversation was in the latter part of August, 1889, before the maturity of the note. He says that Curtis, and a man by the name of Keller, who was with him, offered this and two other notes of like amount in exchange for three suits of clothes; that they said that the notes were "gilt-edged notes," and were perfectly good, and that the makers were responsible people; and Mr. Kurz thereupon replied that he would consult with his wife in regard to them, and went out of the room, and on his return stated that he had seen his wife, and that she would take the notes. This testimony was undisputed, and was given by a disinterested witness, whose character as a witness was not attempted to be impeached; and it was, we think, sufficient to justify the learned justice at the circuit in directing a verdict for the plaintiff. It follows that the judgment appealed from should be affirmed. All concur.